MATTHEW L. SEROR (SBN: 235043)
mseror@buchalter.com
BUCHALTER LLP
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Attorneys for Plaintiff
LEGENDS FC, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEGENDS FC, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LEGENDS SOCCER CLUB, a California Nonprofit corporation,<br><br>Defendant. | **COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT;**<br><br>**(2) COMMON LAW TRADEMARK INFRINGEMENT;**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff LEGENDS FC, INC. ("Plaintiff"), by and through its attorneys, brings this action against LEGENDS SOCCER CLUB ("Defendant"):

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter pursuant to the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.

2. This Court has personal jurisdiction over Defendant because it is a California corporation operating and doing business in California.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein, including the acts of infringement as detailed herein, are occurring in this judicial district. Venue

is also proper in this Court due to Defendant being subject to personal jurisdiction in this Court.

## THE PARTIES

4. Plaintiff is a California corporation with a principal place of business located at 5555 Hamner Ave., Norco, California 92680.

5. Plaintiff is informed, and based thereon alleges, that Defendant is California nonprofit corporation with principal address of 7673 Boardwalk Way, Antelope, California 95843.

## PLAINTIFF'S BRAND AND MARKS

6. Founded in 2008, Plaintiff has grown into one of the premier youth soccer organizations in the United States, establishing a distinguished reputation for excellence in player development, competitive success, and collegiate advancement. Through its commitment to developing young athletes, highly licensed coaching staff, and comprehensive development programs, Plaintiff has built a respected and recognizable brand within the youth soccer community. Over nearly two decades, Plaintiff has achieved more than 40 State, Regional and National Championships, developed over 70 national team level players, facilitated more than 1,200 collage commitments, and has over 35 professional players. These accomplishments have established Plaintiff's long-standing reputation, brand recognition, and goodwill within the competitive youth soccer landscape.

7. Plaintiff is the owner of several trademarks that it uses in commerce in connection with the marketing, promotion, offering for sale and sale of its services.

8. Plaintiff is the owner of the following United States Trademark Registrations:

(a) United States Trademark Registration No. 4574602 for the mark LEGENDS FC. This registration covers, "Club services, namely, promoting the interests of a youth soccer through competition in local, regional, national and international competition" in Class 35; and

(b) United States Trademark Registration No. 4574604 for the mark . This registration covers, "Club services, namely, promoting the interests of a youth soccer through competition in local, regional, national and international competition" in Class 35.

9. Trademark Registration Nos. 4574602 and 4574604 are incontestable registrations pursuant to applicable provisions of the Lanham Act.

10. In addition to the foregoing registered marks, Plaintiff owns common law rights in the foregoing marks which it uses in connection with the marketing, promotion, offering for sale and sale of its services. Plaintiff's registered trademarks together with its common law rights, collectively, the "Legends Marks".

11. Plaintiff's Legends Marks are valid and subsisting.

12. Plaintiff's use of the Legends Marks, which includes both its own use and that of its licensees) has been continuous since the first usage thereof in connection with the services and products on which they appear.

13. Through Plaintiff's use of its Legends Marks, consumers have come to recognize Plaintiff as the source of high-quality services, programs, player development and mentorship, coaching and unparallelled customer service.

14. Plaintiff has spent substantial amounts of time, energy and expense in the design, development, marketing and offering of services under the Legends Marks. As a result of the foregoing, the Legends Marks have established and continue to enjoy a tremendous reputation and significant goodwill both among consumers and those within the soccer community, including coaches, high-level teams and clubs, and colleges and universities. That reputation and goodwill is specifically associated with Plaintiff and the Legends Marks.

**<u>DEFENDANT'S INFRINGING CONDUCT</u>**

15. Plaintiff has discovered that Defendant has been marketing, promoting, offering for sale and selling services in United States commerce under marks that are identical, or very similar to, Plaintiff's Legends Marks, including the

following: LEGENDS, LEGENDS SC and (“Infringing Marks”).

16. Defendant’s is using the Infringing Marks in, among other places, its advertising and promotional materials, jerseys and other apparel, and on its website (www.legendssoccerclub.net) and social media accounts (including as part its social media handles). A representative sampling of Defendant’s infringing uses are shown below:















17. At times, Defendant drops the SC and refers to itself simply as Legends:







18. Defendant's use of the Infringing Marks has at all times been without Plaintiff's consent or authorization.

19. Plaintiff is informed and believes, and on that basis alleges, that Defendant's use of the Infringing Marks began well after Plaintiff had acquired rights in the Legends Marks.

20. The Infringing Marks adopted and used by Defendant are confusingly similar to Plaintiff's Legends Marks. Both Plaintiff's Legends Marks and the Infringing Marks include the dominant word of LEGENDS and the distinction between FC and SC in the competing marks is a meaningless distinction given that these acronyms stand for "Football Club" and "Soccer Club."

21. In the context of the use of the Legends Marks and the Infringing Marks, "Football" and "Soccer" are synonymous.

22. The mark is also confusingly similar with Plaintiff's mark insofar as both are in the same general shape and bear the word LEGENDS written in all capital letters on a curved banner appearing at the top of the design.

23. Defendant's use of the Infringing Marks has already resulted in actual confusion, as evidenced by the following:

(a) Misdirected player signups or tryout requests, i.e. when a consumer intends to sign up for Plaintiff's services and mistakenly signs up for Defendant's services (or vice versa);

(b) Misdirected emails sent erroneously to Plaintiff or Defendant but intended for the other;

(c) Consumer confusion regarding event participation and promotion.

24. Defendant's use of the Infringing Marks is likely to cause further consumer confusion and to cause consumers to believe that Defendant is somehow associated with, endorsed by or affiliated with Plaintiff or Plaintiff's services.

25. Upon information and belief, the services Defendant is marketing, promoting, advertising, offering for sale and selling are identical to the services being offered by Plaintiff, i.e. the organization and administration of youth soccer programs and teams.

26. The services being offered by Defendant are being marketed and offered to the same classes of consumers, that is consumers interested in youth soccer programs and teams.

27. The services of Plaintiff and Defendant are also offered through the same channels of trade and in the same geographic region.

28. Plaintiff is informed and believes, and on that basis alleges, that teams associated with Plaintiff and Defendant play in the same events and tournaments and are members of the same organizations, such as USclub Soccer.

29. On July 29, 2026, Plaintiff (through counsel) contacted Defendant and demanded that Defendant cease use of the Infringing Marks.

30. Defendant refused to cease the use of the Infringing Marks, and Defendant's usage is ongoing. Defendant's continued use of the Infringing Marks is willful, intentional, deliberate and undertaken without regard for the harm it is causing Plaintiff.

31. Plaintiff is informed and believes, and on that basis alleges, that Defendant's use of the Legends Marks is being done to cause consumers to believe that Defendant is associated or affiliated with Plaintiff or that its operations and services are authorized, sponsored, endorsed or approved by Plaintiff.

32. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, Defendant was on actual and constructive notice of Plaintiff's prior rights in and to the Legends Marks, and willfully and intentionally infringed on Plaintiff's rights in order to trade on Plaintiff's valuable goodwill.

33. Defendant's continued, willful and unauthorized use of the Legends Marks will not only continue to cause confusion in the marketplace, but will result in significant harm and damage to Plaintiff.

## COUNT I

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

## (LANHAM ACT - 15 U.S.C. §§ 1114 & 1125, ET SEQ.)

34. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 33 as if fully set forth herein.

35. Plaintiff uses the Legends Marks in connection with the marketing, promotion, offering for sale and selling of services related to youth soccer programs and club soccer services.

36. Plaintiff is informed and believes, and on that basis alleges, that Defendant is, and at all relevant times was, fully aware of, and had actual notice of, Plaintiff's rights in the Legends Marks by virtue of Plaintiff's United States Trademark Registrations and the fact that Defendant operates in the same region as Plaintiff.

37. Despite the foregoing knowledge, Defendant intentionally chose to use the Infringing Marks in an attempt to trade off Plaintiff's goodwill.

38. Defendant's conduct as alleged herein is likely to cause confusion in the marketplace, cause mistake, or deceive consumers into believing that Defendant

and the services it offers are authorized, sponsored, endorsed, affiliated or approved by Plaintiff, or that Defendant's services are sponsored or approved by Plaintiff.

39. By virtue of its knowledge of Plaintiff and its Legends Marks, Defendant's continued infringement is willful and intentional and undertaken without regard for the harm that such infringement would cause Plaintiff.

40. Plaintiff is informed and believes, and based thereon alleges, that unless restrained, Defendant will continue the acts complained of herein, all to Plaintiff's irreparable damage. It will be extremely difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief therefor, and unless Defendant is preliminarily and permanently enjoined from using the Legends Marks as alleged herein, Plaintiff will be irreparably damaged.

## COUNT II

## COMMON LAW TRADEMARK INFRINGEMENT

41. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 40 as if fully set forth herein.

42. Plaintiff uses the Legends Marks to conduct its business and to offer its services for sale to the public.

43. Plaintiff's use of the Legends Marks is in interstate commerce and in multiple states.

44. Plaintiff is informed and believes, and on that basis alleges, that Defendant had actual notice of Plaintiff, the Legends Marks and Plaintiff's rights therein before undertaking the acts of infringement complained of herein.

45. Defendant's use of the Legends Marks is likely to cause confusion in the marketplace, cause mistake or deceive consumers into believing that Defendant and its services are authorized, sponsored, endorsed, affiliated or approved by Plaintiff.

46. Defendant's ongoing use of the Legends Marks constitutes an act of intentional and willful infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against the Defendant as follows:

1. Finding that Defendant has: (1) infringed Plaintiff's trademark rights under 15 U.S.C. §§ 1114, 1125 and the common law.

2. Ordering that Defendant and its subsidiaries, officers, agents, directors, servants, employees, partners, representatives, licensees, related companies, assigns, and attorneys, and all persons in active concert or participation with Defendant or with any of the foregoing be enjoined from:

(a) Selling, distributing, advertising, or publicizing any products or services using any mark which is identical to the Legends Marks, or any other mark, name, symbol, or logo that is a reproduction, counterfeit, copy or colorable imitation that incorporates or is confusingly similar to, or is substantially indistinguishable from the Legends Marks;

(b) Selling, distributing, advertising, or publicizing any products or services under any mark which is identical to any of the Legends Marks, or any other mark, name, symbol, or logo that is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Defendant's business, products or services are sponsored or endorsed by Plaintiff, is authorized by Plaintiff, or is connected in some way with Plaintiff;

(c) Falsely implying Plaintiff's endorsement of, sponsorship of, or affiliation with Defendant's business, or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with Plaintiff and from otherwise interfering with, or injuring, the Legends Marks, or the goodwill associated therewith;

(d) Engaging in any act that injures, or is likely to injure, Plaintiff's business reputation;

(e) Representing or implying that Defendant is in any way sponsored by, affiliated with, or endorsed or licensed by Plaintiff;

(f) Knowingly assisting, inducing, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs 2(a) to 2(e) above.

3. Ordering that Defendant be required to deliver to Plaintiff for destruction all product, goods, advertisements, promotional materials, or other collateral that contain or feature the Infringing Marks, or any other trademarks, names or logos, that are a counterfeit, copy, or colorable imitation of, confusingly similar to, or substantially indistinguishable from the Legends Marks, as permitted under the Lanham Act, 15 U.S.C. § 1118;

4. Granting an award of damages to Plaintiff, as a result of Defendant's infringement of the Legends Marks, as permitted under the Lanham Act, 15 U.S.C. §§ 1114; 1116; 1117(a); 1117(c); 1125 *et seq*., and according to proof at the time of trial;

5. Granting an award of three times the amount of damages and increased profits pursuant to 15 U.S.C. § 1117(b) for Defendant's infringement of the Legends Marks.

6. Granting an award of Plaintiff's costs, expenses, and reasonable attorneys' fees.

7. Granting an award of pre-judgment interest.

8. Granting such other and further relief as is just and proper.

Dated: November 9, 2026

BUCHALTER
A Professional Corporation

By: *Matthew L. Seror*
MATTHEW L. SEROR
Attorneys for Plaintiff
LEGENDS FC, INC.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues in the Complaint that are triable by jury.

Dated: November 9, 2026

BUCHALTER
A Professional Corporation

By: *Matthew L. Seror*
MATTHEW L. SEROR
Attorneys for Plaintiff
LEGENDS FC, INC.